1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHAYLA R.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C24-5137-SKV

ORDER REVERSING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB).  Dkt. 4.  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## I.        BACKGROUND

Plaintiff was born in January 1992, has a high school education, and does not have past relevant work.  AR 116.  She has not been gainfully employed since before the relevant period. AR 105.

On October 25, 2021, Plaintiff applied for benefits, alleging disability as of February 1, 2018, with a Title II date last insured of December 31, 2018.  AR 117.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 457-48. After the ALJ conducted a hearing on February 14, 2023, the ALJ issued a decision finding Plaintiff not disabled.  AR 100-21.

## II.    THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since February 1, 2018.

**Step two**:  Plaintiff has the following severe impairments: major depressive disorder; generalized anxiety disorder; and attention deficit hyperactivity disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**:  Plaintiff can perform a full range of work at all exertional levels but with some non-exertional limitations.  Plaintiff can carry out detailed but uninvolved written or oral instructions involving a few concrete variables; interact with supervisors frequently; and interact with coworkers and the public occasionally.

**Step four**:  Plaintiff has no past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 103-17.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-7.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.  The parties consented to proceed before the undersigned Magistrate Judge.  Dkt. 2.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.    DISCUSSION

Plaintiff argues the ALJ erred by not finding a sleep-related impairment severe at step two, by failing to articulate legally sufficient reasons for not adopting certain medical opinions, and by failing to provide legally sufficient reasons for rejecting her subjective claims. Dkts. 13

ORDER REVERSING THE COMMISSIONER'S
DECISION - 3

& 18.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by

substantial evidence, and should be affirmed.  Dkt. 17.

### A.     The ALJ Erred at Step Two

Plaintiff argues the ALJ erred by failing to find she had a severe sleep-related impairment

at step two of the sequential evaluation process.[3]  Dkt. 13 at 4-6; Dkt. 18 at 2-11.  An impairment

or combination of impairments may be found "not severe *only if* the evidence establishes a slight

abnormality that has no more than a minimal effect on an individuals' ability to work."  *Smolen*

*v. Chater*, 80 F.3d, 1273, 1290 (9th Cir. 1996).  If an ALJ fails to articulate the reasons why an

impairment is not severe at step two, the error is harmless *only* if the ALJ substantively considers

the limitations posed by that impairment at a later step in the inquiry.  *See McGuire v. Kijakazi*,

No. 20-35898, 2021 WL 5861284, at *1 (9th Cir. Dec. 7, 2021) (finding that the ALJ's error at

step two was harmless because the ALJ considered the non-severe impairment later in the

inquiry); *Tadesse v. Kijakazi*, No. 20-16064, 2021 WL 5600149, at *1 (9th Cir. Nov.  30, 2021)

("Although an error at step two may be considered harmless where the ALJ moves to the next

step in the analysis, the decision must reflect that the ALJ considered any limitations posed by

the impairment at either step four or step five.").  Step two is a *de minimis* threshold inquiry, *see*

*Tomasek v. Astrue*, 2008 WL 361129, at *13 (N.D. Cal. Feb. 11, 2008), and what ultimately

matters is that each of a plaintiff's impairments is accounted for in the disability analysis and

resulting RFC.  *See, e.g.*, *Kirk v. Berryhill*, 244 F. Supp. 3d 1077, 1081 (E.D. Cal. 2017) ("In

determining a claimant's [RFC], the ALJ must consider all of a claimant's determinable

---

[3] The Appeals Council considered Plaintiff's sleep study and related diagnoses and determined the new evidence "did not show a reasonable probability that it would change the outcome of the decision."  AR 2.  When a plaintiff submits medical evidence for the first time to the Appeals Council and the Appeals Council considers the new evidence, that evidence becomes part of the record.  *Brewes v. Astrue*, 682 F.3d 1157, 1160-61 (9th Cir. 2012).

ORDER REVERSING THE COMMISSIONER'S
DECISION - 4

1   impairments, including those that are not severe.") (citing *Ghanim v. Colvin*, 763 F.3d 1154,

2   1166 (9th Cir. 2014)).  The ALJ has an "independent 'duty to fully and fairly develop the record

3   and to assure that the claimant's interests are considered'" in conducting this analysis.

4   *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  The ALJ must be "especially

5   diligent in exploring for all the relevant facts" when a claimant is unrepresented, and that duty

6   "is also heightened where the claimant may be mentally ill and thus unable to protect her own

7   interests." *Id.* (citations omitted).

8           The ALJ's step two analysis fell short of meeting the requirement that he show Plaintiff's

9   sleep-related symptoms had "no more than a minimal effect on an individuals' ability to work."

10  *See Smolen*, 80 F.3d at 1290.  Plaintiff reported issues with over-sleeping and chronic fatigue for

11  years,[4] including testifying that she "sleep[s] a good 15-plus hours a day," and is "just exhausted

12  24/7" at her February 2023 hearing.  AR 395-96.  Despite Plaintiff's clear testimony, consistent

13  record, mental health impairments, and lack of representation, however, the ALJ asked no

14  questions about her sleep or related symptoms at the hearing.  If he had, he may have found out

15  she had a sleep study done one month prior which resulted in a diagnosis of moderate obstructive

16  sleep apnea and inability to rule out moderate obesity hypoventilation syndrome.[5]  *See* AR 275.

17  _____

18          [4] For example, in June 2017, Plaintiff reported "[t]rouble falling or staying asleep, or sleeping too
    much . . . nearly every day," and "[f]eeling tired or having little energy . . . nearly every day."  AR 687.
19  Her counseling records from August 2019 through June 2020 show Plaintiff persistently complained
    about sleep-related issues, including that her "sleep is horrible," "[e]nergy levels are low," and she
20  "sleep[s] way too much."  AR 637-73.  On a function report from September 2020, Plaintiff reported she
    is "exhausted all the time," has "no motivation to get up and do what needs to be done," her "energy level
    is very low," and she "sleep[s] most of the day."  AR 549-50.  When asked whether her illnesses or
21  conditions affect her sleep, she stated, "I oversleep."  AR 550.  In medical records from October 2020,
    Plaintiff reported she "sleep[s] more than usual" and "will only have difficulty with sleeping at night if
22  she sleeps all day."  AR 717.  During her evaluation with Dr. Kimberly Wheeler in July 2021, Plaintiff
    stated she "sleep[s] so much, but [is] always tired" and she is "exhausted all the time."  AR 739.  Dr.
23  Wheeler opined that Plaintiff "might have sleep apnea" and "[w]ould benefit from [a] sleep study to rule
    out, as sleep apnea can directly fuel depression."  AR 741.
            [5] These records were submitted to the Appeals Council and are part of the administrative record.
    *See Brewes*, 682 F.3d at 1160-61.

The ALJ failed to adequately develop the record and impermissibly ignored parts of the evidence by not considering whether Plaintiff had a sleep-related impairment at step two.  *See* 42 U.S.C. § 423(d)(5)(B) (In determining whether a claimant is disabled, the ALJ "shall consider *all evidence* available in [the] record.") (emphasis added).  This was error.

The ALJ also failed to substantively consider Plaintiff's sleep-related symptoms in the sequential evaluation process or account for any corresponding limitations in the resulting RFC. For example, the ALJ assessed Plaintiff as having only non-exertional limitations, *see*, *e.g.*, AR 404, and gave no conditions in her RFC that would address her sleep-related symptoms.  *See* AR 108.  As such, the ALJ's error at step two was not harmless.

## B.    The ALJ Erred in Analyzing Medical Opinion Evidence

Plaintiff challenges the ALJ's evaluation of medical opinions from psychologist Kimberly Wheeler, Ph.D., and psychiatric mental health nurse practitioner, Jennifer Drake.  Dkt. 13 at 6-10.  She contends the ALJ did not give legally sufficient reasons for discounting both medical professionals' opinions.  The Commissioner argues the ALJ's findings are supported by substantial evidence.  Dkt. 17 at 10-15.

The ALJ's failure to substantively consider Plaintiff's sleep-related impairments, at step two or otherwise, impacted his evaluation of the medical opinion evidence.  Dr. Wheeler and Nurse Drake each referenced or relied upon Plaintiff's sleep-related symptoms in their respective opinions, and both concluded she had greater limitations than accounted for in her RFC.  *See* AR 738-42; 750-57; *compare with* AR 108.  Instead of considering the role of Plaintiff's issues with sleep and fatigue in his analysis, the ALJ focused on whether her mental impairments alone justified the medical opinions.  *See* AR 112-15.  His findings are therefore not based on substantial evidence in the record, which is error.  *See Berg v. Saul*, 831 F. App'x 849, 850 (9th

1    Cir. 2020) (explaining that the ALJ erred in discounting medical opinion evidence that addressed

2    the claimant's mental impairments and that the "errors were not harmless" because although "the

3    ALJ permitted [the claimant's] claim to proceed past step two . . . the errors resulted in [an RFC]

4    that excluded the significant [and improperly discounted] limitations caused by [the claimant's]

5    depression and other mental impairments"); *see also Urban v. Saul*, 808 F. App'x 453, 455 (9th

6    Cir. 2020) ("[T]he [step two] error was not harmless here, because in determining [the

7    claimant's] RFC, which identified no limitations stemming from [the claimant's] mental

8    impairment, the ALJ improperly discounted the opinions of three medical providers . . . who

9    concluded that [the claimant's] severe depression and anxiety impacted his ability to work.").

10   Because the Court cannot say that substantive consideration of Plaintiff's sleep-related

11   impairments would have been "inconsequential to the [the ALJ's] ultimate nondisability

12   determination," the ALJ's error was not harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454

13   F.3d 1050, 1055 (9th Cir. 2006).

14           **C.      Plaintiff's Testimony Must Be Reassessed**

15           The Court has already concluded the ALJ erred at step two and in his evaluation of the

16   medical opinion evidence, *see supra*.  On remand, *see infra*, the ALJ will further develop the

17   record, particularly by considering Plaintiff's diagnoses and symptoms related to her sleep

18   impairments.  The ALJ will also have the benefit of reviewing additional records, including those

19   submitted to the Appeals Council, and re-evaluating the medical opinion evidence in light of the

20   completed record.  An ALJ's assessment of a claimant's testimony relies in part on the

21   assessment of the medical evidence, *see* 20 C.F.R. §404.1529(c), and Plaintiff's testimony

22   should be reassessed on remand once the record has been properly developed.

23   *//*

ORDER REVERSING THE COMMISSIONER'S
DECISION - 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**D.      Remand is the Appropriate Remedy**

The "decision whether to remand for further development of the administrative record or to direct an immediate award of benefits is a fact-bound determination that arises in an infinite variety of contexts." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (citing *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000)). "[W]e generally remand for an award of benefits only in 'rare circumstances,' where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed.'" *Id.* (internal citations omitted) (citing *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012)). That is clearly not the case here. Even though Plaintiff argues "the record is complete" and she should be awarded benefits outright, *see* Dkt. 13 at 12, she also rightly contends that one of the ALJ's errors in this matter was his failure to adequately develop the record. *See*, *e.g.*, Dkt. 18 at 5-9; *see also id.* at 4 ("The record . . . remains underdeveloped."). In fact, his failure to develop or consider an entire line of evidence related to Plaintiff's sleep issues and corresponding symptoms impacted the entirety of his decision. The Court will therefore reverse the ALJ's decision and remand this matter for further administrative proceedings as discussed herein.

//

//

//

//

//

//

//

//

ORDER REVERSING THE COMMISSIONER'S
DECISION - 8

1

## V.     CONCLUSION

2     For the reasons set forth above, the Commissioner's final decision is **REVERSED** and

3   this case is **REMANDED** for further administrative proceedings under sentence four of 42

4   U.S.C. § 405(g).  On remand, the ALJ shall develop the record as necessary and make findings

5   regarding Plaintiff's sleep-related impairments.  In conjunction with the ALJ's consideration of

6   that issue, the ALJ shall reevaluate Plaintiff's testimony and the medical opinions of Dr. Wheeler

7   and Nurse Drake, as well as any other portion of the decision as necessary.

8     Dated this 4th day of December, 2024.

9

10    S. KATE VAUGHAN
      United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23